Approved: _____
JARED LENOW/PATRICK EGAN
Assistant United States Attorney

Before:  THE HONORABLE JAMES C. FRANCIS, IV
         United States Magistrate Judge
         Southern District of New York

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           : **COMPLAINT**

         - v. -                    : Violations of
                                     18 U.S.C. §§
NIGEL ORLANDO FRANCIS,             : 2252A(a)(1),(2)(B) and
                                     5(B);
         Defendant.                :
                                     COUNTY OF OFFENSE:
                                   : New York

- - - - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

         BRENT TALAGA, being duly sworn, deposes and says that he is a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), and charges as follows:

COUNT ONE
(Transportation and Distribution of Child Pornography)

         1.  On or about April 10, 2014, in the Southern District of New York and elsewhere, NIGEL ORLANDO FRANCIS, the defendant, knowingly did mail, and transport and ship using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, child pornography; and did receive and distribute materials that contained child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, FRANCIS transported and distributed files containing child pornography from a computer in the Bronx over the Internet via a file sharing program.

         (Title 18, United States Code, Sections 2252A(a)(1) and (a)(2)(B).)

1

COUNT TWO
(Possession of Child Pornography)

2.     From at least April 10, 2014, in the Southern District of New York and elsewhere, NIGEL ORLANDO FRANCIS, the defendant, knowingly did possess and access with intent to view a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, FRANCIS possessed videos and images of child pornography at a location in the Bronx, New York.

(Title 18, United States Code, Section 2252A(a)(5)(B).)

The bases for my knowledge, and for the foregoing charges, are as follows:

3.     I am a Special Agent with HSI and am currently assigned to a unit that investigates, among other things, violations of criminal law relating to the sexual exploitation of minors.  This affidavit is based upon my personal participation in the investigation of this matter, my conversations with other law enforcement agents and witnesses, and my examination of reports and records.  Because this affidavit is submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.     Based on my personal participation in the investigation of this matter, I have learned the following:

    a.     Since the beginning of 2014, I have participated in an investigation seeking to identify individuals who were sharing child pornography on several publicly available peer-to-peer ("P2P") file sharing networks.

    b.     On or about April 10, 2014, a computer located in Manhattan operated by law enforcement (the "Law Enforcement Computer") established a direct connection with a computer that was connected to the Internet (the "Host Computer") and identified several images of what appeared to be child

pornography on the Host Computer. After establishing this direct connection, the Law Enforcement Computer downloaded the following files that the Host Computer was making available for download through P2P software:

        i.    At least two pictures of prepubescent females performing oral sex on an adult male;

        ii.    A photograph of a nude prepubescent female tied to a chair with an adult male kneeling behind her.

        iii.    A photograph of two prepubescent girls laying down with their legs spread, exposing their genetalia;

        iv.    A photograph of a prepubescent girl showing her entire nude body.

        c.    Investigative software on the Law Enforcement Computer was able to identify the Internet Protocol address (the "IP Address") of the Host Computer[1] as well as the Internet Service Provider (the "ISP") associated with the IP Address.

5.    I have reviewed records from the ISP and have learned, among other things, that the IP Address was subscribed to an individual ("Witness-1") at an address in the Bronx (the "Bronx Address").

6.    On or about May 6, 2014, I, along with a Computer Forensic Analyst ("Analyst-1") and other investigators, executed a search warrant at the Bronx Address. During the execution of the search warrant, I learned, among other things, the following:

        a.    NIGEL ORLANDO FRANCIS, the defendant, was present in the Bronx Address when the warrant was executed. FRANCIS lives in a bedroom (the "Bedroom") at the Bronx Address.

---

[1] Based on my training and experience, I have learned that every computer or device on the Internet is referenced by a unique IP Address the same way every telephone has a unique telephone number. Each time an individual acceses the Internet, the computer from which that individual initiates access is assigned an IP Address. A central authority provides each Internet Service Provider ("ISP") a limited block of IP Addresses for use by that ISP's customers or subscribers. The IP address can be used to locate the physical location of the computer or network that is assigned that IP address.

      b.   A laptop computer (the "Computer") and several hard drives were found in the Bedroom.

      c.   From my conversations with Analyst-1 as well as my own review of some of the materials gathered by Analyst-1 pursuant to the search warrant, I have learned, among other things, the following:

          i.   Analyst-1 generated a forensic preview of the Computer that was found in the Bedroom which allowed Analyst-1 to see files that were on the Computer.

          ii.   The preview of the Computer revealed that the Computer contained more than 50 still images of child pornography.

          iii.   Analyst-1 also examined the software that was on the Computer and found the same P2P file-sharing program that was used to transit the images described in paragraph 4(b)(i)-(iv) to the Law Enforcement Computer.

          iv.   At the time the warrant was executed, Analyst-1 observed that a P2P program was currently running on the computer. The P2P software indicated that it had downloaded, attempted to download, or was in the process of downloading several files with titles that, in my training and experience, are indicative of child pornography such as "Gracel Series - Rona 9 yo fuck the pussy."

          v.   Analyst-1 also generated forensic previews of the hard drives found in the Bedroom. One of the hard drives (the "Hard Drive") also contained several images of child pornography, including, but not limited to:

            1.   A video showing two prepubescent females in a bathtub touching the penis of an adult male. One of the females then performs oral sex on the adult male. Another segment on the same video shows an adult male having anal sex with a prepubescent female.

            2.   A video showing an adult male touching the genitals of a prepubescent female and a prepubescent female touching the penis of an adult male.

            3.   A video with several different scenes which include, among other things, an adult male having anal sex with a prepubescent female; a prepubescent boy and a

prepubescent girl performing oral sex on each other; and a prepubescent children performing oral sex on an adult male.

   d. During the execution of the search warrant, I interviewed FRANCIS who stated, in substance and in part, the following:

     i. The Computer and the Hard Drive belong to FRANCIS. FRANCIS has owned the Computer for a year and a half.

     ii. FRANCIS uses the Computer to download child pornography using P2P software.

     iii. FRANCIS stores the images and videos on the Computer and the Hard Drive.

     iv. FRANCIS has been downloading child pornography for a while and uses the images he downloads for sexual gratification.

 7. Based on the foregoing, I placed NIGEL ORLANDO FRANCIS, the defendant, under arrest.

WHEREFORE, deponent prays that the defendant be imprisoned, or bailed, as the case may be.

          _____
          BRENT TALAGA
          Special Agent
          Homeland Security Investigations

Sworn to before me this
6th day of May, 2014

_____
HON. JAMES C. FRANCIS, IV
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

5